[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs in the above entitled matter have instituted the present litigation against a New York partnership and two non-residents partners seeking to recover sums due under a promissory note executed by the partnership. Defendants have moved to dismiss the action on the ground, inter alia, that the court does not have jurisdiction over the defendants.
The notes were given with respect to a purchase of property in the State of New York and the closing took place in Connecticut where payment was to be made. However, the affidavits filed by the parties indicate the existence of factual questions broader than the question relating to the place of the closing and the place of payment. For example, the affidavit on the file by the defendant Grean states; "The only contact the transaction giving rise to this litigation has with the State of Connecticut is that the offices of the Seller's attorney were located in Connecticut". The affidavit of the defendant Cassin states that "Although the closing for the transaction which gave rise to the promissory note at issue in this matter did take place in Greenwich, Connecticut, this was done at the request of the original payees under the note, as the transaction closed at the office of their Connecticut attorneys". However, the affidavit filed on behalf of the plaintiff John Decsepel states that "Almost all major negotiations and business dealings . . . were in Connecticut".
Accordingly, on the basis of the documents presently before the Court, the Court is not in the position to determine whether the conduct of the defendants constitutes the transaction of j business within the meaning of General Statutes, 52-59b(a)(1), or if so, whether jurisdiction can be constitutionally exercised over the defendants as a result of that conduct. The Court will therefore schedule an evidentiary hearing with respect to the issues raised by ground (i) of the Motion to dismiss.
RUSH, JUDGE CT Page 2581